· JOSEPH S. COPES *vs.* HUGH H. FULTZ, Administrator, &c.

S. as surviving partner of the firm of S. & S. obtained a judgment against C. upon which no execution was issued within a year and a day ; a *scire facias* to revive, was afterwards issued, and no further step taken for nearly two years, when F. as administrator of the deceased partner, without suggesting the plaintiff's death, caused himself to be admitted as plaintiff, took a judgment by default on the *scire facias*, and had an execution issued in his name—held, that F. was a mere intruder, and the judgment in his favor clearly erroneous.

ERROR from the circuit court of Holmes county.

This was an action of assumpsit, brought by Levi Sholar, as the surviving partner of the firm of Scurlock & Sholar, against Joseph S. Copes, to the October term, 1838, of the circuit court of Holmes county. The defendant pleaded the general issue and payment. At the April term, 1839, judgment was rendered for the plaintiff, for two hundred and thirty-two dollars and seven cents. On the 22d of September, 1841, a *scire facias* was issued to revive the judgment, no execution having ever issued thereon. At the April term, 1843, without Sholar's death being suggested, or any other step having been taken, after the issuance of the *scire facias*, Hugh H. Fultz, as administrator *de bonis non* of Thomas M. Scurlock, the deceased partner of the firm of Scurlock & Sholar, was, upon his motion, admitted as plaintiff, a judgment by default on the *scire facias* rendered in his favor, and execution thereon awarded. To reverse which judgment this writ of error is now prosecuted.

*Thompson*, for plaintiff in error.

I can only say that if there is any law to warrant the procedure in the circuit court, I have never seen it.

Mr. Justice CLAYTON delivered the opinion of the court.

In April, 1839, Levi Sholar, as the surviving partner of Scurlock & Sholar, obtained a judgment against Copes for two hun-

dred and thirty-two dollars, in the Holmes circuit court. No execution issued upon the judgment within the year and the day, and in September, 1841, a *scire facias* to revive was issued. No farther steps were taken in this cause till April, 1843, when without any suggestion of the death of Sholar, the defendant in error, H. H. Fultz, as the administrator *de bonis non* of the deceased partner, Scurlock, caused himself to be admitted as a party plaintiff upon the record, took a default upon the *scire facias*, issued in 1841, and obtained an order for an execution in his own name.

The bare statement of the facts proves as plainly as any argument could do, that all the proceedings subsequent to the issuing of the *scire facias*, are erroneous. The judgment could only be enforced in the name of Sholar, or if he were dead, in that of his representative. The administrator of Scurlock was a mere intruder, without legal right or authority, so far as appears from the record, to justify his interference.

*Judgment reversed.*